# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK GOMEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CSL PLASMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Mark Gomez ("Plaintiff"), for his complaint against CSL Plasma ("Defendant"), states:

### Statement of the Case

1. Plaintiff, a 60-year old deaf man on a fixed income, went to Defendant's standalone plasma donation center, CSL Plasma, in Montgomery, Illinois, to donate plasma and earn money to pay his mortgage and household expenses. CSL Plasma is open to the public and Defendant pays its plasma donors.

2. Plaintiff's primary language is American Sign Language (ASL).

3. Plaintiff told a staff member that he needed an ASL interpreter to translate the registration materials from English into ASL. The staff member refused, and Defendant did not provide an ASL interpreter or any other way for Plaintiff to understand the materials. Thus, Plaintiff could not understand the registration forms and was denied the opportunity to donate plasma.

4. Defendant did not deny Plaintiff the opportunity to donate plasma because he is in poor health or because his plasma posed a safety risk to the blood supply. Defendant denied Plaintiff the opportunity to donate plasma because Plaintiff could not understand the registration

materials for donating plasma without assistance. Plaintiff could have understood the registration materials with assistance from an ASL interpreter, which was Defendant's obligation under the law.

5. Defendant refused Plaintiff's subsequent requests for an ASL interpreter, and instead offered to provide Plaintiff with a Spanish speaking staff member to perform the same translation services for which Plaintiff had requested an ASL interpreter. But Plaintiff does not speak or understand Spanish.

6. Defendant obviously made certain assumptions and offered Spanish translation based solely on Plaintiff's Hispanic-sounding surname in recognition of its obligation to provide translation services. Defendant's assumptions were unfounded.

7. Defendant now claims that it is not a public accommodation and therefore not legally required to provide Plaintiff with an ASL interpreter so that he can donate plasma and earn money like hearing persons. That past and continuing refusal gives rise to this action.

## Parties

8. Plaintiff lives in Aurora, Illinois, and is a person with a disability as defined by the ADA, 42 U.S.C. § 12102, and the Illinois Human Rights Act, 775 ILCS 5/1-103(I), as he is deaf and substantially limited in the major life activity of hearing.

9. Defendant is a Florida corporation located at 5201 Congress Avenue, Suite 220, Boca Raton, Florida. Defendant is a division of CSL Behring, 1020 First Avenue, P.O. Box 61501, King of Prussia, Pennsylvania.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction under (a) 28 U.S.C. § 1331, which grants district courts original jurisdiction of all civil actions arising under the laws of the United

States; and (b) 28 U.S.C. § 1343(a)(4), which grants district courts original jurisdiction of any civil action to redress or secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

11. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Plaintiffs' state law claim arises from a common set of operative facts and is so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy. On January 27, 2019, the Illinois Department of Human Rights issued to Plaintiff a Notice of Right to Commence Civil Action concerning his Illinois Human Rights Act claim. This civil action was filed within 90 days of that Notice.

12. Venue is proper under 28 U.S.C. § 1391(b)(2). The events or omissions giving rise to this action occurred in the Northern District of Illinois, Eastern Division.

**Underlying Facts**

13. Plaintiff is a 60-year old profoundly deaf man who communicates in ASL, a language with its own unique syntax, grammar and structure. ASL relies on concepts to convey vocabulary terms along with the use of facial expressions and body language to express grammar and tone. ASL's structure is more similar to that of French and Spanish than written English. Plaintiff is unable to read lips and is not fluent in written English. For Plaintiff to understand complex information and provide consent, it must be conveyed in ASL, not English.

14. Defendant owns and operates CSL Plasma, a standalone plasma donation center at 1500 Douglas Road, Montgomery, Kane County, Illinois. The facility is open to the public and plasma donors are paid.

15. On July 28, 2018, Plaintiff went to CSL Plasma in Montgomery to donate plasma to earn money to pay his mortgage and household bills.

16. At the front desk, Plaintiff disclosed his deafness and inability to lipread to a staff member. He asked the staff member for an ASL interpreter to translate the written registration inquiries from English into ASL, so Plaintiff could understand and answer them.

17. The staff member failed to provide an ASL interpreter or any other assistance to help Plaintiff comprehend Defendant's registration forms. Plaintiff could not understand the registration forms and was denied the opportunity to donate plasma.

18. On July 30, 2018, Plaintiff returned to CSL Plasma in Montgomery with Barbara Pacourek, a Communications Access Advocate, at AIM Center for Independent Living in Downers Grove. Like Plaintiff, Ms. Pacourek is deaf and fluent in ASL. Unlike Plaintiff, Ms. Pacourek can lipread and is fluent in English.

19. Plaintiff and Ms. Pacourek met with the manager of CSL Plasma in Montgomery.

20. Ms. Pacourek, using her voice and ASL simultaneously so Plaintiff could understand what she was saying, asked the manager why Plaintiff was being denied the opportunity to donate plasma. The manager responded that "[b]ased on assessment of our medical staff, they deemed you ineligible due to lack of understanding."

21. Ms. Pacourek told the manager that the ADA required CSL Plasma to provide Plaintiff with an ASL interpreter and gave him contact information for ASL interpreter agencies. The manager said he would see what could be done.

22. On August 30, 2018, having heard nothing more from Defendant, Plaintiff sought assistance from Equip for Equality, a federally-mandated independent agency which advances

the civil and human rights of people with disabilities through self-advocacy assistance, legal services, disability rights education, public policy advocacy, and abuse investigations.

23. By letter to Defendant dated November 19, 2018 (attached as Exhibit 1), Equip for Equality explained that Plaintiff is deaf; he cannot lipread; he is not fluent in written English; he communicates in ASL; Title III of the ADA requires places of public accommodation to provide auxiliary aids and services, including ASL interpreters, to ensure effective communication; and plasma donation centers are places of public accommodation under Title III. Plaintiff asked Defendant to schedule him for an appointment with an ASL interpreter to enable him to answer Defendant's registration inquiries, complete the registration process, and donate plasma.

24. By letter dated December 21, 2018 (attached as Exhibit 2), Defendant responded that plasma donation centers are not places of public accommodation under the ADA and that Defendant "was not prepared to provide Mr. Gomez with an ASL interpreter." Instead, Defendant offered to provide Plaintiff with a "Spanish speaking person" to "assist him to understand the donor questions and review the informed consent, each of which will be translated into Spanish."

25. Plaintiff does not read or understand Spanish.

26. By letter to Defendant dated January 17, 2019, Equip for Equality replied that Plaintiff "communicates in American Sign Language"; "is not able to communicate effectively in spoken or written English"; "does not read or understand Spanish"; and "did not grow up in a Spanish-speaking household."

27. On January 24, 2019, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights (attached as Exhibit 3).

5

28. On January 27, 2020, the Illinois Department of Human Rights sent Plaintiff a letter (attached as Exhibit 4) advising that the time for it to complete an investigation of his Charge of Discrimination had expired and that he had until April 25, 2020 to file a civil action.

29. Defendant still refuses to provide Plaintiff with an ASL interpreter.

30. Plaintiff continues to want to donate plasma with Defendant, which is located approximately three miles from his home, and he is prepared to do so once Defendant agrees to provide Plaintiff with an ASL interpreter.

**COUNT I**
**(Title III of the Americans with Disabilities Act)**

31. The allegations contained in the preceding paragraphs are incorporated by reference.

32. Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

33. Title III defines the term "public accommodation" to include "service establishment[s]" that "affect commerce." *Id.* § 12181(7)(F). Defendant's plasma donation center in Montgomery is a service establishment that affects commerce and is a public accommodation under Title III.

34. It is discrimination under Title III to: (a) subject "an individual or class of individuals on the basis of a disability" to "a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity," 42 U.S.C. § 12182(b)(1)(A)(i); (b) apply "standards or criteria or methods of administration" that "have the effect of discriminating on the basis of disability;" *id.*

6

§ 12182(b)(1)(D); (c) impose or apply "eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered" 42 U.S. C. § 12182(b)(2)(A)(i); (d) fail to "make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations,"42 U.S. C. § 12182(b)(2)(A)(ii); and (e) fail "to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden," 42 U.S. C. § 12182(b)(2)(A)(iii).

35. Defendant's continuing refusal to provide an ASL interpreter for Plaintiff constitutes discrimination under Title III of the ADA, 42 U.S.C. §§ 12182(b)(1)(A)(i), 12182(b)(1)(D), 12182(b)(2)(A)(i), 12182(b)(2)(A)(ii), and 12182(b)(2)(A)(iii).

36. Defendant wants to donate plasma and earn money at CSL Plasma in Montgomery now and in the future, but Defendant has not permitted him to do so because Defendant: (a) operates its public accommodation and service establishment so as to deny deaf persons the opportunity to participate in or benefit from its services, 42 U.S.C. §

12182(b)(1)(A)(i); (b) uses standards or criteria or methods of administration that discriminate on the basis of disability against deaf persons, 42 U.S.C. § 12182(b)(1)(D); (c) uses eligibility criteria that screen out deaf persons, 42 U.S.C. § 12182(b)(2)(A)(i) ; (d) refuses to make reasonable modifications in its policies, practices, or procedures to afford its services to deaf persons. 42 U.S.C. § 12182(b)(2)(A)(ii); and (e) refuses to provide auxiliary aids and services to afford its services to deaf persons. 42 U.S.C. § 12182(b)(2)(A)(iii). There is a causal relation between Defendant's continuing discrimination under the ADA and Plaintiff's inability to use Defendant's services to donate plasma and earn money.

37. A favorable judicial decision for Plaintiff will prevent further discrimination and enable Plaintiff to use Defendant's services going forward.

## COUNT II
### (Illinois Human Rights Act)

38. The allegations contained in the preceding paragraphs are incorporated by reference.

39. The Illinois Human Rights Act (IHRA) is intended to prevent and eliminate discriminatory practices in places of public accommodation because of an individual's actual or perceived disability. 775 ILCS 5/1-102(A).

40. The IHRA prohibits discrimination on the basis of "disability," which is defined to include "a determinable physical or mental characteristic of a person, including, but not limited to, a determinable physical characteristic which necessitates the person's use of a guide, hearing or support dog, the history of such characteristic, or the perception of such characteristic by the person complained against, which may result from disease, injury, congenital condition of birth or functional disorder and which characteristic . . . is unrelated to a person's ability to utilize and benefit from a place of public accommodation." 775 ILCS 5/1-103(I).

8

41. It is a civil rights violation under the IHRA "for any person on the basis of unlawful discrimination to...[d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 ILCS 5/5-102(A).

42. Defendant is a "place of public accommodation" within the meaning of the IHRA as it is a "service establishment." 775 ILCS 5/5-101(A)(6).

43. Plaintiff is a person with a disability within the meaning of the IHRA. 775 ILCS 5/1-103(I).

44. Defendant's denial of Plaintiff to participate in the plasma donation process, on the basis of his disability, is a denial of the full and equal enjoyment of Defendant's facilities, goods and services.

45. Defendant's conduct has harmed Plaintiff financially, and has caused substantial mental and emotional distress, as well as the stigmatizing injury and deprivation of personal dignity that accompanies the denial of equal access to a place of public accommodation. Defendant's conduct will continue to harm Plaintiff until Defendant is ordered by this Court to cease discriminating against Plaintiff on the basis of his disability and to compensate him for the damages suffered from Defendant's discriminatory actions.

## PRAYER FOR RELIEF TO ALL COUNTS

WHEREFORE, Plaintiff requests that the Court:

A. declare that: (1) Defendant is a public accommodation under the ADA and the IHRA , (2) the ADA and IHRA require Defendant to offer equivalent services, reasonable modifications, and auxiliary aids and services to people with disabilities, and not apply eligibility criteria that screen out people with disabilities or standards, criteria or methods of administration that have the affect of discriminating on the basis of disability within the meaning of the ADA

and the IHRA, including deaf people, (3) Defendant is not providing equivalent services, reasonable modifications and auxiliary aids and services to deaf people, (4) Defendant is applying eligibility criteria that screen out people with disabilities and standards, criteria or methods of administration that have the affect of discriminating on the basis of disability; and (5) Defendant is thus in violation of the ADA and the IHRA;

  B. permanently enjoin Defendant from discriminating against Plaintiff and all other deaf persons, and require Defendant to provide service to Plaintiff and all such persons that is equivalent to the service provided to hearing persons;

  C. award Plaintiff his actual and punitive damages;

  D. award Plaintiff his reasonable costs and attorneys' fees; and

  E. award such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: April 23, 2020          MARK GOMEZ,

                   By: */s/ Steven P. Blonder*
                      One of his Attorneys

Steven P. Blonder (sblonder@muchlaw.com)
Jonathan L. Loew (jloew@muchlaw.com)
MUCH SHELIST, P.C.
191 North Wacker Drive
Suite 1800
Chicago, Illinois 60606-2000
Ph. (312) 521-2000

Barry C. Taylor (barryt@equipforequality.org)
Rachel Arfa (rachela@equipforequality.org)
EQUIP FOR EQUALITY
200 North Michigan Avenue
Suite 300
Chicago, Illinois 60602
Ph. (312) 341-0022

Counsel for Plaintiff